1

Gene J. Stonebarger, State Bar No. 209461
gstonebarger@stonebargerlaw.com
Richard D. Lambert, State Bar No. 251148
rlambert@stonebargerlaw.com
Elaine W. Yan, State Bar No. 277961
eyan@stonebargerlaw.com
STONEBARGER LAW
A Professional Corporation
75 Iron Point Circle, Ste. 145
Folsom, CA 95630
Telephone: (916) 235-7140
Facsimile: (916) 235-7141

2

3

4

5

6

7

*Attorneys for Plaintiffs and the Class*

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11

JAMES WILSON, an individual, and JACK
WHITE and RITA WHITE, a married couple,
on behalf of themselves and all others similarly
situated,

12

13

Plaintiffs,

14

vs.

15

604471 ONTARIO, INC., a Canadian
corporation, f/k/a Dura-Loc Roofing Systems
Limited, and R. ALLAN REID, an individual,
and DOES 1-100, inclusive

16

17

18

Defendants.

19

CASE NO.

**CLASS ACTION COMPLAINT FOR:**

1. **FRAUDULENT
   CONCEALMENT/NON-
   DISCLOSURE;**

2. **VIOLATIONS OF
   CALIFORNIA'S CONSUMER
   LEGAL REMEDIES ACT; AND**

3. **VIOLATIONS OF
   CALIFORNIA'S UNFAIR
   COMPETITION LAW.**

**DEMAND FOR A JURY TRIAL**

20

21

22

23

24

25

26

27

28

STONEBARGER LAW
A Professional Corporation

**CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

Plaintiffs James Wilson, Jack White and Rita White (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated complain and allege upon information and belief based, among other things, upon the investigation made by Plaintiffs by and through their attorneys, as follows:

## I.

## INTRODUCTION

1.     This is a consumer class action against Defendant 604471 Ontario, Inc. and Defendant R. Allan Reid (collectively, "Defendants") on behalf of Plaintiffs and all similarly situated individuals and entities who own homes or other structures located in the state of California on which Dura-Loc Roofing Systems Limited's ("Dura-Loc") Continental, Shadowline, or Wood Shake stone coated steel roof shingles (the "Tiles") were installed.

2.     The present case arises from Dura-Loc's[1] failure to disclose to Plaintiffs and the Class that the Tiles were, and are, inherently defective despite direct knowledge of the defect. The Tiles' defect is neither merely cosmetic nor insignificant; rather, the defect causes the exterior surface of the Tiles (including the granules and the color exterior) to deteriorate, degrade, and ultimately separate from the Tiles.  As a result of this defect, the Tiles lose their coating, granular texture, and leave the Tiles significantly discolored.

3.     As a result of Defendants' conduct as alleged herein, Defendants have reaped significant profits, and Plaintiffs and the Class have suffered actual damages in that the Tiles on their homes and other structures have and will continue to prematurely fail, requiring them to expend time and money to repair or replace their roofs before expiration of the warranted period.

## II.

## JURISDICTION AND VENUE

4.     This action is within the original jurisdiction of this Court by virtue of 28 U.S.C. Section 1332.  Plaintiffs are citizens of the state of California, Defendant 604471 Ontario, Inc. ("Defendant 604471 Ontario, Inc.") is a foreign corporation, Defendant R. Allan Reid

---

[1] In 2006, Dura-Loc changed its name to 604471 Ontario, Inc. However, and while Dura-Loc is the entity whose conduct is at issue in this Class Action Complaint, Defendant 604471 Ontario, Inc. is liable for the damages caused to Class Members as alleged herein. *See* Exhibit 'A'.

1

**CLASS ACTION COMPLAINT**

1  ("Defendant Reid") is a foreign citizen, and the amount in controversy of this action exceeds the

2  sum of $75,000, exclusive of interest and costs.

3       5.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because substantial

4  portions of the transactions at issue took place in this judicial district.

5  **III.**

6  **PARTIES**

7  **A.    Plaintiff James Wilson**

8       6.     Plaintiff James Wilson ("Plaintiff Wilson") is an individual over the age of

9  eighteen (18) years old and who is and was, at all times mentioned herein, a resident of the state

10  of California.

11       7.     Plaintiff Wilson lives in a single-family home located in Roseville, California.  In

12  or about June 2004, Plaintiff Wilson contacted All American Roofing, Inc. ("AAR"), an

13  authorized seller of the Tiles, to select and purchase a new roof for his home.  AAR represented

14  to Plaintiff Wilson that the Tiles would be UV resistant and that the Tiles would not deteriorate

15  to the extent that the appearance of the roof was substantially affected for a period of twenty-five

16  (25) years.

17       8.     This representation - that the Tiles would be UV resistant and that the Tiles would

18  not deteriorate to the extent that the appearance of the roof was substantially affected for a period

19  of twenty-five (25) years - was communicated to Plaintiff Wilson in the marketing, advertising,

20  and sales materials which were written, approved, and distributed by Dura-Loc and provided to

21  AAR to market, advertise, and sell the Tiles.  Accordingly, the representations at issue were not

22  made by AAR, but by Dura-Loc.

23       9.     Dura-Loc's representation that the Tiles would be UV resistant and that the Tiles

24  would not deteriorate was false.  Indeed, Dura-Loc failed to disclose to Plaintiff Wilson that the

25  Tiles are, and were, inherently defective.  Specifically, nowhere in its advertising and marketing

26  materials, website, and/or its warranty did Dura-Loc disclose that the Tiles suffered from a defect

27  which would cause the exterior surface of the Tiles (including the granules and the color

28  exterior) to deteriorate, degrade, and ultimately separate from the Tiles, thus causing   And, as a

STONEBARGER LAW
A Professional Corporation

2

**CLASS ACTION COMPLAINT**

1    result, the Tiles would inevitably lose their coating, granular texture, and color.

2          10.    In or about June 2004, Plaintiff Wilson purchased the Tiles in "Wood Shake"

3    style.  Plaintiff Wilson purchased the Tiles as opposed to other roofing tiles that were equally

4    effective but less expensive, in reliance on Dura-Loc's representation that the Tiles would be UV

5    resistant and that the Tiles would not deteriorate.  Plaintiff Wilson's reliance was reasonable and

6    justified because Dura-Loc specifically represented in its advertising, marketing, and sales

7    materials that the Tiles would be UV resistant and that the Tiles would not deteriorate.

8          11.    Plaintiff Wilson paid money for his Tiles, which he would not have done was it

9    not for the misrepresentations and material omissions by Dura-Loc.

10         12.    In or about June 2011, Plaintiff Wilson noticed, for the first time, that the Tiles

11   installed on his home began to deteriorate with the Tiles losing their stone coating and granular

12   texture, as well as the shedding of their aggregate and acrylic coating.  Currently, Plaintiff

13   Wilson's Tiles have lost most of their original color, coating, and texture.

14   **B.    Plaintiffs Jack White and Rita White**

15         13.    Plaintiffs Jack White and Rita White (the "Whites") are a married couple, each of

16   whom is over the age of eighteen (18) years old, and who are and were, at all times mentioned

17   herein, residents of the state of California.

18         14.    The Whites live in a single-family home located in Orangevale, California.  In or

19   before June 2004, the Whites contacted AAR, an authorized seller of the Tiles, to select and

20   purchase a new roof for their home.  AAR represented to the Whites that the Tiles would be UV

21   resistant and that the Tiles would not deteriorate to the extent that the appearance of the roof was

22   substantially affected for a period of twenty-five (25) years.

23         15.    This representation - that the Tiles would be UV resistant and that the Tiles would

24   not deteriorate to the extent that the appearance of the roof was substantially affected for a period

25   of twenty-five (25) years - was communicated to the Whites in the marketing, advertising, and

26   sales materials which were written, approved, and distributed by Dura-Loc and provided to AAR

27   to market, advertise, and sell the Tiles.  Accordingly, the representations at issue were not made

28   by AAR, but by Dura-Loc.

STONEBARGER LAW
A Professional Corporation

STONEBARGER LAW
A Professional Corporation

16.     Dura-Loc's representation that the Tiles would be UV resistant and that the Tiles would not deteriorate was false.  Indeed, Dura-Loc failed to disclose to the Whites that the Tiles are, and were, inherently defective.  Specifically, nowhere in its advertising and marketing materials, website, and/or its warranty did Dura-Loc disclose that the Tiles suffered from a defect which would cause the exterior surface of the Tiles (including the granules and the color exterior) to deteriorate, degrade, and ultimately separate from the Tiles.  And, as a result, the Tiles would inevitably lose their coating, granular texture, and color.

17.     In or before June 2004, the Whites purchased the Tiles in "Wood Shake" style.  The Whites purchased the Tiles as opposed to other roofing tiles that were equally effective but less expensive, in reliance on Dura-Loc's representation that the Tiles would be UV resistant and that the Tiles would not deteriorate.  The White's reliance was reasonable and justified because Dura-Loc specifically represented in its advertising, marketing, and sales materials that the Tiles would be UV resistant and that the Tiles would not deteriorate.

18.     The Whites paid money for their Tiles, which they would not have done was it not for the misrepresentation and material omissions by Dura-Loc.

19.     In or about April 2009, the Whites noticed, for the first time, that the Tiles installed on their home began to deteriorate with the Tiles losing their stone coating and granular texture, as well as the shedding of their aggregate and acrylic coating.  Currently, the White's Tiles have lost most of their original color, coating, and texture.

**C.      Defendant 604471 Ontario, Inc. as Successor-in-Interest to Dura-Loc**

20.     Plaintiffs are informed and believe, and on that basis allege, that Dura-Loc was involved in the design, engineering, development, manufacture, marketing, and selling of the Tiles, as well as issuing the written warranties for the Tiles.  During the period of time covered by this Class Action Complaint, Dura-Loc designed, engineered, developed, manufactured, marketed, and sold the Tiles, and also issued written warranties for the Tiles throughout the state of California and in this District.

21.     In or about May 2006, a third party corporation purchased all of Dura-Loc's assets, and Dura-Loc subsequently ceased its manufacturing, marketing, and selling of the Tiles,

4

**CLASS ACTION COMPLAINT**

1 and changed its name to 604471 Ontario Inc. *See* Exhibit 'A'.

2    22.    Plaintiffs are informed and believe, and on that basis allege, that Defendant

3 604471 Ontario, Inc. maintains the same owners, board of directors, and executives as Dura-Loc,

4 but is now a non-operating company that currently exists for the sole purpose of receiving,

5 evaluating, and paying warranty claims on the Tiles.

6    23.    Plaintiffs are informed and believe, and on that basis allege, that Defendant

7 604471 Ontario, Inc. is the successor-in-interest to Dura-Loc, and succeeded all liabilities of its

8 predecessor - Dura-Loc - with respect to the claims alleged in this action.

9 **D.    Defendant R. Allan Reid**

10    24.    Plaintiffs are informed and believe, and on that basis allege, that Defendant Reid

11 is, and was at all times, the founder, owner, president, and majority share holder of Dura-Loc.

12 Plaintiffs are also informed and believe, and on that basis allege, that Defendant Reid is, and was

13 at all times, the founder, owner, president, and majority share holder of Defendant 604471

14 Ontario, Inc.

15    25.    Plaintiffs are informed and believe, and on that basis allege, that Defendant Reid

16 exercises, and exercised, significant individual control over the design, engineering,

17 development, manufacture, marketing, and selling of the Tiles.  Plaintiffs are also informed and

18 believe, and on that basis allege, that Defendant Reid maintains sole authority with respect to the

19 business decisions of Defendant 604471 Ontario, Inc., including the exclusive authority to pay or

20 deny a warranty claim that are made on the Tiles.

21    26.    Under the law of Ontario, Canada, "the corporate veil is pierced when the

22 company is incorporated for an illegal, fraudulent or improper purpose.  But it can also be

23 pierced if when incorporated 'those in control expressly direct a wrongful thing to be done.'"

24 642947 Ontario Ltd. v. Fleischer, [2001] 56 O.R. (3d) 417, 439 (Can.).  If (1) a corporation has

25 no assets to honor its obligations, (2) the defendant(s) controls the corporation, and (3) the

26 defendant(s) knew the corporation had no assets, then the corporate veil can be pierced as the

27 corporation is "completely dominated and controlled by [the defendants], and used by them as a

28 shield for... improper conduct."  Id. at 440 (internal quotations omitted).

**CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

STONEBARGER LAW
A Professional Corporation

**1.     Defendant 604471 Ontario, Inc. Has Insufficient Assets**

27.     Plaintiffs are informed and believe, and on that basis allege, that there exists a unity of interest and ownership between Defendant 604471 Ontario, Inc. and Defendant Reid. Any individuality and separateness between Defendant 604471 Ontario, Inc. and Defendant Reid has ceased.  Defendant 604471 Ontario, Inc. is the alter-ego of Defendant Reid in that Plaintiffs are informed and believe, and on that basis allege, that Defendant 604471 Ontario, Inc. is and was so inadequately capitalized that when compared with the business conducted by Defendant 604471 Ontario, Inc. and the debt and liability attendant thereon, its capitalization is illusory or trifling, as evidenced by the fact that Defendant 604471 Ontario, Inc., while remaining liable for warranty obligations to tens of thousands of consumers, including to Plaintiffs and the Class, was formed with, and currently maintains, insufficient funds to honor these warranty obligations.

**2.     Defendant Reid Controls Defendant Ontario**

28.     At all relevant times mentioned herein, Defendant Reid is, and was, the founder, owner, and president of Defendant 604471 Ontario, Inc. and Dura-Loc.

29.     All decisions of Dura-Loc and Defendant 604471 Ontario, Inc. are either made, or approved by, Defendant Reid including decisions regarding methods of advertising and marketing the Tiles.

30.     Defendant Reid approved and/or directed Dura-Loc to engage in an unlawful and elaborate scheme to induce consumers to purchase the Tiles by omitting material facts; mainly, that the Tiles were manufactured with an inherent defect.

31.     At all relevant times mentioned herein, Defendant Reid knew of the deception, fraud and misrepresentation by omission inherent in Dura-Loc's advertising campaign and was aware of the fact that it was unlawful for Dura-Loc to represent, and/or continue to represent, that the Tiles were UV resistant and/or free from defects.

**3.     Defendant Reid Knew Defendant 604471 Ontario, Inc. Had, and Continues to Have, Insufficient Assets Compared to its Liabilities**

32.     At all relevant times mentioned herein, Defendant Reid knew, and continues to know, that Defendant 604471 Ontario, Inc. has insufficient assets, in that Defendant 604471

6

1  Ontario, Inc. is and was so inadequately capitalized that when compared with the business

2  conducted by Defendant 604471 Ontario, Inc. and the debt and liability attendant thereon, its

3  capitalization is illusory or trifling, as evidenced by the fact that Defendant 604471 Ontario, Inc.,

4  while remaining liable for warranty obligations to tens of thousands of structures, including those

5  of Plaintiffs and the Class, was formed with, and currently maintains, insufficient funds to honor

6  its warranty obligations.

7  **E.   Doe Defendants**

8       33.   Plaintiffs are unaware of the true names, capacities, or basis for liability of

9  Defendants Does 1 through 100, inclusive, and therefore sues said Defendants by their fictitious

10 names.  Plaintiffs will amend their complaint to allege their true names, capacities, or basis for

11 liability when the same have been ascertained.  Plaintiffs are informed and believe, and on that

12 basis allege, that Defendants Does 1 through 100, inclusive, and each of them, are in the some

13 manner liable to Plaintiffs and/or are proper and necessary parties to this action in light of the

14 relief requested.

15 **F.   Aiding and Abetting**

16      34.   Plaintiffs are informed and believe, and on that basis allege, that all Defendants,

17 including fictitious Doe Defendants, were at all relevant times acting as actual agents,

18 conspirators, ostensible agents, partner and/or joint venturers and employees of all other

19 Defendants, and on that all acts alleged herein occurred within the course and scope of said

20 agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the

21 express and/or implied permissions, knowledge, consent, authorization and ratification of their

22 Co-Defendants; however, each of these allegations are deemed "alternative" theories whenever

23 doing so would result in a contradiction with the other allegations.

24                                        **IV.**

25                          **FACTUAL ALLEGATIONS**

26 **A.   Dura-Loc's Representations Of The Tiles**

27      35.   Dura-Loc specifically represented that the Tiles were and would remain UV

28 resistant and would be free of manufacturing defects that would substantially affect the

STONEBARGER LAW
A Professional Corporation

7

1  appearance of the Tiles for a period of 25 years following proper installation.  Some of these

2  Dura-Loc's representations are as follows:

3      a.  "[F]or a period of 25 years following proper installation, the surface coating of the

4  Dura-Loc Product shall be UV resistant and will not deteriorate as a result of a manufacturing

5  defect to the extent that the appearance of the roof is substantially affected..." *See* Exhibit 'B';

6      b.  "Enhancing any home's beauty, the lightweight Dura-Loc roof is resistant to U.V.,

7  algae and most air born pollutants and is supported by our 25 year appearance warranty." *See*

8  Exhibit 'C';

9      c.  "Your Dura-Loc roof will prove to be a *long lasting maintenance free addition* to

10  your home." *See* Exhibit 'C';

11      d.  "Our process of bonding ceramic coloured granules to the steel base with UV

12  resistant acrylics provides for the highest level of finish performance available." *See* Exhibit 'D';

13      e.  "*Permanent* colour, texture and sound deadening." *See* Exhibit 'D';

14      f.  "*Permanent*, flexible bond to the steel base." *See* Exhibit 'D';

15      g.  "UV resistant sealer to provide protection through installation." *See* Exhibit 'D'.

16      h.  "[p]rotected with a UV Resistant Coating." *See* Exhibit 'E';

17  **B.**  **The Defect**

18      36.  Plaintiffs are informed and believe, and on that basis allege, that Dura-Loc

19  designed, engineered, developed, and manufactured the Tiles with surface coating granules

20  manufactured by 3M Company.  Plaintiffs are informed and believe, and on that basis allege, that

21  the granules used on the Tiles, named "Colorquartz," were translucent and allowed UV rays to

22  penetrate the surface of the Tiles.   Plaintiffs are also informed and believe, and on that basis

23  allege, that as early as 1993, 3M Company had informed Dura-Loc that Colorquartz granules

24  should not be used as surfacing coating on roofing products due to its translucent qualities. *See*

25  Exhibit 'F'

26      37.  Plaintiffs are informed and believe, and on that basis allege, that Dura-Loc's use

27  of Colorquartz granules allowed UV rays to penetrate the surface of the Tiles which, causes the

28  bonding material used to bind the surface coating on the Tiles to deteriorate, degrade, and

STONEBARGER LAW
A Professional Corporation

8

**CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

1  ultimately separate from the Tiles.  As a result, the Tiles lose their coating, granular texture, and

2  are left with a discolored appearance.

3      38.   In other words, the granules are literally baked off the metal Tiles upon exposure

4  to the sun, which then subsequently washes off the Tiles through normal exposure to the

5  elements and leaving the bare metal undercoating exposed.

6      39.   The prevalence of the Tiles' defect is evidenced by complaints from owners of the

7  Tiles throughout the country, examples of such complaints are as follows:

8  **"dura-loc failures install contractor"**          **Date created**: 2011-08-13

9  I am roofing contractor who has installed hundreds of dura-loc roofs over the last few
   years, 2 years ago the calls started coming in, coating failure after and more coating
10 failure, dura-loc  (now Allmet) is total fraud, Brian Cosyns, Al Reid are the owners who
   sold this product to me, and I truly believed in it, they were very convincing, now they
11 will do nothing to honor their warranties...

12 **"They lied about a 'lifetime' warranty"**          **Date created**: 2011-05-04

13 Our DuraLoc roof was installed in 1998 and has lost most of it's aggregate coating. We
   notice a great deal of granules on the ground after a rainfall. I'm not talking about a few
14 granules here....we're sweeping up about a 1/2 bucketful each rainfall. Most of the roof is
   down to just red metal now. This is the shoddiest roofing product around and involves the
15 shadiest business practices. It is outright deception to the consumer.

16 **"Dura-Loc (now AllMet) Product Fraud!"**          **Date created**: 2010-06-28

17 I too have the stand unacceptable performance experience from the Dura-Loc metal shake
   shingle finish. After 9 years, my blue-white roof is now mostly red (primer). The
18 installer... is still in business but "really can't do anything short of paying for an entirely
   new roof". Dura-Loc folded into AllMet, who refuses to honor the Fraud of a 50 year
19 written warrantee for this now defunct shingle finish. B. Madoff isn't the only criminal
   ripping off the public!
20
   **"Condo Assoc President"**          **Date created**: 2011-04-02
21
   We replaced concrete tiles on 62 houses with duraloc stone coated metal roofs 5 years
22 ago. The granules are now washing off. The company has been sold and their successor
   seems to have no responsibility to honor the warranty... [2]
23

24 **C.    Dura-Loc's Fraudulent and Deceptive Practices**

25      40.   As stated above, Dura-Loc represented that the Tiles would be UV resistant and

26 be free of manufacturing defects for twenty-five (25) years.  This representation was false as the

27 Tiles are neither UV resistant nor free from defect.  To the contrary, the Tiles suffered, and

28 _____

[2] http://www.roofery.com/shingles/reviews/dura-loc/

**CLASS ACTION COMPLAINT**

1   continue to suffer, from a defect which causes the Tiles' surface coating, granules, and color to

2   deteriorate, degrade, and ultimately separate from the Tiles upon exposure to UV rays.

3        41.   Dura-Loc, at no time, and by no means, disclosed to Plaintiffs and the Class that

4   the Tiles contained an inherent defect and/or that the Tiles were not UV resistant, despite being

5   under a duty to do so since Dura-Loc's omissions are, and were, directly contrary to its

6   representations regarding the Tiles.  Dura-Loc's omission was material because a reasonable

7   consumer would deem an inherent defect that causes the Tiles to lose their granule texture and

8   color important in determining whether to purchase the Tiles.

9        42.   As a result of Dura-Loc's failure to convey these material facts, Dura-Loc

10  fraudulently, unfairly, and unlawfully caused Plaintiffs and the Class to believe that the Tiles

11  would remain UV resistant and free from defect when they were not.

12       43.   Since at least January of 1993, Dura-Loc had exclusive knowledge that the Tiles

13  suffered from a defect which caused, and continues to cause, the Tiles' surface coating, granules,

14  and color to deteriorate, degrade, and ultimately separate from the Tiles upon exposure to UV

15  rays.   Indeed, in or about January of 1995, 3M Company issued a "3M Technical Bulletin" on

16  the characteristics of its Colorquartz Aggregate.  The Bulletin straightforwardly stated, "Since

17  Colorquartz aggregate transmits ultraviolet light, it is not suitable for applications that require

18  protection of a substrate material from ultraviolet exposure..." "Suitable materials are in the

19  range of 0 to 20% ultraviolet transmission, with zero being most desirable.  Colorquartz... ranges

20  from 50% to 93% ultraviolet transmission..." *See* Exhibits 'F' and 'G'.

21       44.   Dura-Loc engaged in a successful and illegal fraud on California consumers in

22  which they deliberately, intentionally, and fraudulently caused California consumers to believe

23  that the Tiles were and would remain UV resistant and were free of defects by, among others,

24  specifically misrepresenting the qualities of the Tiles and omitting material information

25  regarding the true qualities of the Tiles.

26  / / /

27  / / /

28  / / /

STONEBARGER LAW
A Professional Corporation

10

**CLASS ACTION COMPLAINT**

# V.

## CLASS ALLEGATIONS

45.     This action may properly be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Class is sufficiently numerous, since it is estimated to include thousands of homes or structures throughout the state of California, the joinder of whom in one action is impracticable, and the disposition of whose claims in a class action will provide substantial benefits to the parties and the Court.

46.     **Class Definition:** Without prejudice to later revisions, the Class which Plaintiffs seek to represent is composed of:

Class 1: All individuals who, in the State of California, purchased Dura-Loc Roofing Systems Limited's Continental, Shadowline, or Wood Shake stone coated steel roof shingles for household use and who were exposed to any representation by Dura-Loc that the Tiles would remain UV resistant for twenty-five (25) years and/or were free of defects (the "CLRA Class").

Class 2: All individuals and entities that own homes or other structures located in the state of California on which Dura-Loc Roofing Systems Limited's Continental, Shadowline, or Wood Shake stone coated steel roof shingles were installed and who were exposed to any representation by Dura-Loc that the Tiles would remain UV resistant for twenty-five (25) years and/or were free of defects (the "Ownership Class").[3]

47.     Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Class.  Plaintiffs will formally define and designate a class definition when they seek to certify the Class alleged herein.

48.     **Ascertainable Class:**  The Class is ascertainable in that each member can be identified using information contained in Defendants' records.

49.     **Common Questions of Law or Fact Predominate:**  There is a well-defined community of interest among the Class.  The questions of law and fact common to the Class predominate over questions which may affect individual Class members.  These questions of law and fact include, but are not limited to, the following:

a.     Whether the Tiles are, and were, inherently defective;

b.     Whether Dura-Loc knew, or should have known of the defective nature of

---

[3] Plaintiffs are representatives and members of both the CLRA Class and the Ownership Class. Because the CLRA Class and the Ownership Class share Class members, both will be referred to as the "Class" unless otherwise noted.

**CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

1   the Tiles;

2           c.      Whether Dura-Loc fraudulently concealed from and/or failed to disclose

3   to Plaintiffs and the Class the defective nature of the Tiles;

4           d.      Whether Dura-Loc had a duty to Plaintiffs and the Class to disclose the

5   defective nature of the Tiles;

6           e.      Whether the facts relating to the Tiles that were concealed and/or

7   otherwise not disclosed to Plaintiffs and the Class were material facts;

8           f.      Whether as a result of Dura-Loc concealment and/or failure to disclose

9   those material facts, to Plaintiffs and the Class members acted to their detriment by purchasing

10  the Tiles or homes or other structures on which the Tiles were installed;

11          g.      Whether Dura-Loc engaged in unfair competition and/or unfair deceptive

12  acts and/or practices in violation of California's Consumer Legal Remedies Act;

13          h.      Whether such acts or practices were illegal, unfair, or fraudulent within

14  the meaning of California Business and Professions Code section 17200 *et seq.*;

15          i.      Whether Plaintiffs and the Class are entitled to compensatory damages,

16  restitution, and the amounts thereof respectively;

17          j.      Whether Dura-Loc should be ordered to disgorge, for the benefit of

18  Plaintiffs and the Class, all or part of its ill-gotten profits received from the sale of defective

19  Tiles, and/or to make full restitution to Plaintiffs and the Class members;

20          k.      Whether Defendant 604471 Ontario, Inc. can be held liable for the actions,

21  misrepresentations, and omissions of Dura-Loc as alleged in this action; and

22          l.      Whether Defendant Reid can be held personally liable for the actions,

23  misrepresentations, and omissions of Dura-Loc as alleged in this action.

24      50.    **Numerosity:** The Class is so numerous that the individual joinder of all members

25  of the Class is impractical under the circumstances of this case.  While the exact number of

26  members of the Class is unknown to Plaintiffs at this time, Plaintiffs are informed and believe

27  the Class consists of thousands of members.  Individual joinder of members of the Class is also

28  impracticable because the individual Class members are dispersed throughout the state of

STONEBARGER LAW
A Professional Corporation

12

**CLASS ACTION COMPLAINT**

1  California.

2      51.    **Typicality:**  Plaintiffs' and the Class members' claims for restitution and damages

3  arise from and were caused by Dura-Loc's wrongful conduct.  Plaintiffs, like all other Class

4  members, were exposed to the same representations by Dura-Loc which failed to disclose that

5  the Tiles were not UV resistant and contained an inherent defect.

6      52.    Because the Tiles purchased by Plaintiffs contain a defect in their design,

7  Plaintiffs are like all other Class members because Plaintiffs have suffered the same injuries as

8  those suffered by the Class; mainly, the diminution in their property values caused by a

9  defective, unappealing, and substandard roof.  Since Plaintiffs' claims and the claims of Class

10  members all derive from a common nucleus of operative facts, Plaintiffs are asserting claims that

11  are typical of the claims of the entire Class.

12      53.    **Adequacy:**  Plaintiffs will fairly and adequately represent and protect the interests

13  of the Class in that they have no disabling conflicts of interest that would be antagonistic to those

14  of the other members of the Class.  Plaintiffs seek no relief that is antagonistic or adverse to the

15  members of the Class and the infringement of the rights and the damages they have suffered are

16  typical of all other Class members.  Plaintiffs have retained competent counsel, experienced in

17  class action litigation.

18      54.    **Superiority:**  The nature of this action and the nature of laws available to

19  Plaintiffs and the Class make the use of the class action device a particularly efficient and

20  appropriate procedure to afford relief to Plaintiffs and the Class for the wrongs alleged because:

21      a.    The individual amounts of damages involved, while not insubstantial, are

22  such that individual actions or other individual remedies are impracticable and litigating

23  individual actions would be too costly;

24      b.    If each Class member was required to file an individual lawsuit,

25  Defendants would necessarily gain an unconscionable advantage since it would be able to exploit

26  and overwhelm the limited resources of each individual Class member with vastly superior

27  financial and legal resources;

28  / / /

STONEBARGER LAW
A Professional Corporation

13

1    c.    The costs of individual suits could unreasonably consume the amounts that

2    would be recovered;

3    d.    Proof of a common defect and factual pattern which Plaintiffs experienced

4    is representative of that experienced by the Class and will establish the right of each member of

5    the Class to recover on the cause of action alleged; and

6    e.    Individual actions would create a risk of inconsistent results and would be

7    unnecessary and duplicative of this litigation.

8    55.    Plaintiffs and Class members have all similarly suffered irreparable harm and

9    damages as a result of Defendants' unlawful and wrongful conduct.  This action will provide

10    substantial benefits to Plaintiffs, the Class and the public because, absent this action, Plaintiffs

11    and Class members will continue to suffer losses, thereby allowing Defendants' violations of law

12    to proceed without remedy, and allowing Defendants to retain proceeds of its ill-gotten gains.

13    56.    **Equitable Tolling:** Defendants have fraudulently concealed the defective nature

14    of the Tiles, and the false nature of their representations and material omissions concerning the

15    Tiles, from Plaintiffs and the Class.  Thus, any statutes of limitation are equitably tolled because

16    Plaintiffs did not know, and could not reasonably have known, the true facts concerning the

17    defects and false statements.

18    57.    The representative Plaintiffs only learned the true facts concerning the damages

19    they have and will suffer upon investigation conducted through counsel of the reasons for the

20    color loss in the Tiles installed in their roofs.  The members of the Class were unaware of the

21    reasons for the loss of color, and many are still unaware of the cause of the color loss.

22    **VI.**

23    **FIRST CAUSE OF ACTION**
**Fraudulent Concealment/Non-Disclosure**

24    **California Civil Code section 1709 & 1710(3)**
**(Plaintiffs and the Class Against All Defendants)**

25

26    58.    Plaintiffs and the Class incorporate by reference each and every preceding

27    paragraph of this Complaint as if fully set forth herein.

28    / / /

STONEBARGER LAW
A Professional Corporation

59.     Defendants, through their advertising and marketing of Tiles, make uniform representations and offers regarding the Tiles being UV resistant and free from defects as described above, knowing that these representations were false as Defendants omitted specific and material information needed so as not to render their advertising and marketing false and misleading.

60.     Defendants, and each of them, marketed, advertised and promoted the Tiles through their advertising and marketing by representing that the Tiles were UV resistant and free from defects.  *See* Exhibits 'C' through 'E'.  These representations are patently false.  The true fact is that the Tiles are neither UV resistant nor free from defect as Dura-Loc's use of Colorquartz granules allowed UV rays to penetrate the surface of the Tiles which, causes the bonding material used to bind the surface coating on the Tiles to deteriorate, degrade, and ultimately separate from the Tiles.

61.     Defendants' advertising and marketing materials omit this specific and material information needed so as not to render their advertising and marketing false and misleading. Specifically, at no time, and through no means, did Defendants inform Plaintiffs or any member of the Class that the Tiles were not UV resistant and suffered from a serious defect in their design.

62.     Defendant's representations with respect to the Tiles being UV resistant and defect free were false in that Defendants knew that Defendant knew, as far back as 1993, that their use of the Colorquartz granules on the Tiles were not UV resistant and would allow UV rays to penetrate the surface of the Tiles which, causes the bonding material used to bind the surface coating on the Tiles to deteriorate, degrade, and ultimately separate from the Tiles. Defendant's knowledge of falsity of these statements is established by communications directly from 3M Company to Defendants which expressly informed Defendants that the use of Colorquartz granules as surfacing coating on the Tiles was not appropriate due to its translucent quality.  *See* Exhibits 'F' and 'G' attached hereto and incorporated by reference herein.

63.     Defendants were under a duty to Plaintiff and the Class to disclose the aforementioned fact because:

**CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

a.      Dura-Loc's omissions regarding an inherent defect that renders the Tiles non-UV resistant and that would result in the Tiles losing their granules and color were directly contrary to Dura-Loc's representations made in its advertising materials, warranty, and website, which states, *inter alia*, that the Tiles " shall be UV resistant and will not deteriorate as a result of a manufacturing defect to the extent that the appearance of the roof is substantially affect" and "Permanent colour, texture..."

b.      Since at least January of 1993, Dura-Loc has had exclusive knowledge of an inherent defect that renders the Tiles non-UV resistant and that would result in the Tiles losing their granules and color when 3M Company informed Dura-Loc that "3M Colorquartz product is a quartz base mineral which is not opaque and readily allows light transmission.  3M does not recommend the use of Colorquartz as a surfacing mineral on roofing product."

c.      Dura-Loc actively concealed an inherent defect that renders the Tiles non-UV resistant and that would result in the Tiles losing their granules and color by failing to disclose the defect in any of its advertising and marketing materials.

64.     The facts concealed by Defendant are material facts because any reasonable consumer would have considered the fact that the Tiles were not UV resistant and suffered from a serious defect in their design important in deciding whether to purchase the Tiles.

65.     Plaintiffs and the Class reasonably and justifiably relied on Defendants' representations, and were ignorant to those omissions regarding the Tiles' true propensity for UV transmission and their inherent design defect. Plaintiffs and the Class would not have purchased the Tiles were it not for the representations and material omissions by Defendants in their advertising and marketing materials.

66.     Plaintiffs' and the Class' reliance on the false representations and intentional omissions set forth in their advertising and marketing materials was a substantial factor in causing harm to Plaintiffs and the Class, and said harm would not have occurred absent the misrepresentations and intentional omissions made by the Defendants or had Defendants included the requisite material statements so as to render their advertising and marketing materials not fraudulent, false, and misleading.

**CLASS ACTION COMPLAINT**

67.    Plaintiffs are informed and believe, and based thereon allege, that Defendants, and each of them, have deliberately caused and have intended to cause great harm to Plaintiffs and the Class with full knowledge of the wrongfulness of their conduct. Plaintiffs are further informed and believe, and thereon allege, that Defendants' conduct as alleged above was despicable, was carried on with a willful and conscious disregard of Plaintiffs' rights and well being, and subjected Plaintiffs to undue hardship. Therefore, Plaintiffs should be awarded punitive and exemplary damages sufficient to punish Defendants for engaging in this conduct and to deter similar conduct on their part in the future.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## VII.

### SECOND CAUSE OF ACTION
**Violations of Consumer Legal Remedies Act
California Civil Code Section 1750 *et seq.*
(Plaintiffs and CLRA Class Against All Defendants)**

68.    Plaintiffs and the CLRA Class incorporate by reference each and every preceding paragraph of this Complaint as if fully set forth herein.

69.    California Civil Code section 1770(a) provides that it is unlawful to use unfair methods of competition and unfair or deceptive acts or practices in a transaction intended to result or which results in the sale or lease of goods or services to any consumer.

70.    California Civil Code section 1770(a) prohibits, among other things, one to "[r]epresent[] that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have," to "[r]epresent[] that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another," and to "advertis[e] goods with intent not to sell them as advertised." *See* Cal. Civ. Code section 1770(a)(5); (7); (9).

71.    Dura-Loc violated California Civil Code sections 1770(a)(5), (7) and (9) when it failed to disclose that the Tiles suffered from a defect which would cause the exterior surface granules and the color exterior to deteriorate, degrade, and ultimately separate from the Tiles and

**CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

1  were, in fact, not UV resistant.

2       72.    The foregoing facts were not disclosed to either Plaintiffs or any member of the

3  CLRA Class and are material as a reasonable consumer would deem an inherent defect which

4  would cause the exterior surface granules and the color exterior to deteriorate, degrade, and

5  ultimately separate from the Tiles important in making a decision with respect to whether to

6  purchase the Tiles.

7       73.    Dura-Loc's deceptive practices, as alleged above, were specifically designed to,

8  and did, induce Plaintiffs and the CLRA Class to purchase the Tiles.  Dura-Loc engaged in

9  common scheme to deliberately omit from all publicly available information and from

10  information provided to Plaintiffs and the CLRA Class that the Tiles suffered from an inherent

11  defect.

12       74.    Dura-Loc was under a duty to Plaintiffs and the CLRA Class to disclose the

13  aforementioned facts because:

14       a.    Dura-Loc's omissions regarding an inherent defect that renders the Tiles

15  non-UV resistant and that would result in the Tiles losing their granules and color were directly

16  contrary to Dura-Loc's representations made in its advertising materials, warranty, and website,

17  which states, *inter alia*, that the Tiles " shall be UV resistant and will not deteriorate as a result of

18  a manufacturing defect to the extent that the appearance of the roof is substantially affect" and

19  "Permanent colour, texture..."

20       b.    Since at least January of 1993, Dura-Loc has had exclusive knowledge of

21  an inherent defect that renders the Tiles non-UV resistant and that would result in the Tiles

22  losing their granules and color when 3M Company informed Dura-Loc that "3M Colorquartz

23  product is a quartz base mineral which is not opaque and readily allows light transmission.  3M

24  does not recommend the use of Colorquartz as a surfacing mineral on roofing product."

25       c.    Dura-Loc actively concealed an inherent defect that renders the Tiles non-

26  UV resistant and that would result in the Tiles losing their granules and color by failing to

27  disclose the defect in any of its advertising and marketing materials.

28  / / /

STONEBARGER LAW
A Professional Corporation

**CLASS ACTION COMPLAINT**

75.     Plaintiffs and the CLRA Class reasonably and justifiably relied on Dura-Loc's representations, and were ignorant to those omissions of the aforementioned material facts. Plaintiffs and the CLRA Class would not have purchased their Dura-Loc roofing shingles were it not for the material omissions by Dura-Loc.

76.     As a direct and proximate result of Dura-Loc's violations of the CLRA as alleged herein, Plaintiffs and the CLRA Class have been injured by, including but not limited to, the following:

    a.     The infringement of their legal rights as a result of being subjected to the common course of conduct alleged herein;

    b.     Plaintiffs and the CLRA Class were induced to purchase the Tiles from Dura-Loc, which they would not have done so had they been fully informed of Dura-Loc's acts, omissions, misrepresentations, practices and nondisclosures as alleged in this Class Action Complaint, in violation of *inter alia*, the CLRA.

77.     Plaintiffs seek an order awarding restitution or disgorgement of Defendant Ontario's revenues and profits from the sale of the Tiles.

78.     Prior to filing this Class Action Complaint, each of the named Plaintiffs timely served a notice of violation of the CLRA by certified mail, return receipt requested.  Defendant 604471 Ontario, Inc. failed to provide appropriate relief for its violations of the CLRA.  As such, Plaintiffs have therefore complied with the 30-day notice period required by California Civil Code section 1782(a).  *See* Exhibits 'H' and 'I'.[4]

79.     As of the date of filing this Class Action Complaint, Plaintiffs have not received responses from Defendant 604471 Ontario, Inc. to these letters that agreed to provide for the relief requested in the letters.  As a result, Defendant 604471 Ontario, Inc. have failed to provide appropriate relief for their violations of the CLRA and Plaintiffs and the CLRA Class are entitled to recover actual damages, punitive damages, attorneys' fees and costs, and any other relief the Court deems proper.

WHEREFORE, Plaintiffs and the CLRA Class pray for relief as set forth below.

---

[4] Attached hereto as Exhibit 'J' is a venue declaration by Plaintiff Wilson pursuant to Civil Code § 1780(d).

19

**CLASS ACTION COMPLAINT**

STONEBARGER LAW
A Professional Corporation

## VIII.

### THIRD CAUSE OF ACTION
**Violations of Unfair Competition Law
California Business and Professions Code section 17200** *et seq.*
**(Plaintiffs and the Class Against All Defendants)**

80.     Plaintiffs and the Class incorporate by reference each and every preceding paragraph of this Complaint as if fully set forth herein.

81.     Plaintiffs have standing to bring this action under the UCL because they have suffered injury in fact as a result of Dura-Loc's conduct and have lost money through their purchase of the Tiles which they would not have done were it not for the material omissions by Dura-Loc.

82.     Dura-Loc's marketing, advertising, warranting and sales of the Tiles and constitute unfair competition in violation of the UCL.  Dura-Loc has engaged in conduct that is unlawful, unfair, or fraudulent through a pattern of concealment of material facts that misleads and deceives the public with respect to an inherent defect in the Tiles.

83.     The omissions and nondisclosures of Dura-Loc, as alleged herein, constitute unfair, unlawful, and/or fraudulent business practices within the meaning of California Business and Professions Code section 17200 *et seq.*, including, but in no way limited to, violations of California Civil Code section 1750 *et seq.*

84.     Plaintiffs and the Class are entitled to full restitution and/or disgorgement of Defendant Ontario's revenues and profits resulting from the sales of the Tiles.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## IX.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all present and former similarly situated Class members, and on behalf of the general public, request the following relief:

A.     That an order certifying the Class defined herein be entered designating Plaintiffs as representatives of said Class and appointing Plaintiffs' attorneys as Class Counsel;

B.     For actual damages in an amount according to proof;

**CLASS ACTION COMPLAINT**

1    C.     For compensatory damages in an amount according to proof;

2    D.     For punitive damages;

3    E.     For other equitable relief;

4    F.     For attorneys' fees as provided by law;

5    G.     For prejudgment interest as provided by law;

6    H.     For costs of suit; and

7    I.     For such other and further relief as this Court deems just and equitable.

Dated: March 2, 2012         STONEBARGER LAW, APC


By: /s/ Gene J. Stonebarger
    Gene J. Stonebarger
    gstonebarger@stonebargerlaw.com
    Richard D. Lambert
    rlambert@stonebargerlaw.com
    Attorneys for the Plaintiffs and the Class

STONEBARGER LAW
A Professional Corporation