Gene J. Stonebarger, State Bar No. 209461
gstonebarger@stonebargerlaw.com
Richard D. Lambert, State Bar No. 251148
rlambert@stonebargerlaw.com
Elaine W. Yan, State Bar No. 277961
eyan@stonebargerlaw.com
STONEBARGER LAW
A Professional Corporation
75 Iron Point Circle, Ste. 145
Folsom, California 95630
Telephone: (916) 235-7140
Facsimile: (916) 235-7141

*Attorneys for Plaintiffs and the Class*

Bart Dalton, State Bar No. 187930
bdalton@crouchfirm.com
CROUCH & RAMEY LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75202
Telephone: (214) 922-7100
Facsimile: (214) 922-7101

*Attorneys for Defendant Metals USA, Inc.*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES WILSON, an individual, and JACK WHITE and RITA WHITE, a married couple, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>METALS USA, INC., a Delaware Corporation; R. ALLAN REID, an individual; and DOES 1-100, inclusive,<br><br>　　　　　　　　　　Defendants. | CASE NO.: 2:12-CV-00568-LKK-GGH<br><br>**CLASS ACTION**<br><br>**STIPULATION AND PROTECTIVE ORDER GOVERNING THE HANDLING OF CONFIDENTIAL MATERIAL**<br><br>Judge:　Hon. Gregory G. Hollows<br>Place:　Courtroom 9<br><br>Trial Date: Not Yet Set |

/ / /

/ / /

/ / /

/ / /

/ / /

0

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

## STIPULATION AND PROTECTIVE ORDER GOVERNING THE
## HANDLING OF CONFIDENTIAL MATERIAL

**WHEREAS**, plaintiffs James Wilson, Jack White, and Rita White and defendant Metals USA, Inc. ("Metals"), contemplate that the discovery of documents and other information in the above-referenced actions (the "Litigation") may involve the production of materials that the producing party may reasonably believe in good faith to be protected from public disclosure under applicable law;

**WHEREAS**, the parties seek to protect against the risk of injury from the public dissemination of such confidential information; and

**WHEREAS**, the parties desire to enter into this confidentiality stipulation to facilitate the discovery process by protecting against the unauthorized disclosure of confidential materials;

**NOW**, **THEREFORE**, the parties hereby stipulate and agree, through their undersigned counsel, to the following terms and conditions that they contemplate will govern the production of information that the producing party reasonably and in good faith deems to be confidential, and further stipulate, agree, and request that the Court enter a protective order consistent with the terms of this confidentiality stipulation ("Protective Order"):

1. **Discovery Material.**  The following terms, conditions, procedures, and restrictions govern with respect to documents, electronic data, and any other forms of information produced or voluntarily exchanged in the Litigation by any parties or non-parties, including: any "writings" (as that term is defined in Rule 1001 of the Federal Rules of Evidence); all discovery contemplated by Rules 26 through 36 of the Federal Rules of Civil Procedure, including responses to all written discovery requests and demands, deposition testimony and exhibits, however recorded; and any other written, recorded, or graphic matters ("Protected Material").

2. **Protected Material.**  The Protective Order shall govern the pre-trial disclosure, use, and disposition of all Discovery Material that a designating or producing party or non-party reasonably believes in good faith to be entitled to protection from disclosure under applicable law because disclosure would implicate a personal, financial, or other privacy interest protected

by law, including but not limited to, trade secret or other confidential research, development or commercial information, credit card numbers, customer information, home telephone numbers and addresses, personnel evaluations, and banking information ("Protected Material").  The parties shall meet and confer at the pre-trial conference or other appropriate time to discuss procedures for the use of Protected Material at trial.

**3.    Designations.**  It shall be the duty of the party producing the Protected Material to give notice of the Protected Material designated to be covered by this Protective Order in the manner set forth in paragraph 7 below.  A party with an interest, other than the producing party, in the confidentiality of the material to be produced or already produced because either (a) the material contains the party's trade secrets or other confidential research, development, commercial, or personal information, or (b) the material contains information provided to that party by a non-party under an agreement with the non-party that the party would maintain the confidentiality of the information, may also give notice that the material is Protected Material covered by this Protective Order and should be designated in the manner set forth in paragraph 7 below.

**4.    Duties.**  The duty of the party or parties receiving the Protected Material, and of all other persons bound by this Protective Order to maintain the confidentiality of Protected Material so designated, shall commence with such notice.  Protected Material shall be designated, subject to the provisions of this Order, with one of the following designations:

    **a.    "Confidential;" or**

    **b.    "Highly Confidential—Attorneys' Eyes Only."**

No person subject to this Protective Order may disclose, in public or private, any Protected Material designated by a party or third party other than itself as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," except as provided for in this Protective Order or as further ordered by the Court.

**5.    Definition Of Confidential**.  Discovery Material produced by any party or non-party as part of formal or informal discovery in the Litigation may be designated by the producing party or non-party as "Confidential."  Absent a specific order by the Court, once

designated as "Confidential," such designated Discovery Material and any information contained therein or derived there from shall be used by the parties solely in connection with the Litigation and shall not be used or disclosed by the parties for any other purposes, including but not limited to any other litigation or any other business, competitive, or governmental purposes or functions. Any such Protected Material shall not be disclosed to anyone except as provided in the Protective Order. Discovery Material may be designated as "Confidential" if the designating party believes in objective good faith that such material constitutes, discloses, or relates to processes, operations, research, technical, or developmental information, production, marketing, sales, financial, or other proprietary data or information of commercial value, or personnel, customer, or otherwise personal private data that is protected from public disclosure by a person's right to privacy.

**6.    Definition Of Highly Confidential—Attorneys' Eyes Only**. Discovery Material produced by any party or non-party as part of formal or informal discovery in the Litigation may be designated as "Highly Confidential—Attorneys' Eyes Only" if the designating party believes that such material constitutes, contains, and/or reflects highly sensitive financial information, business plans, business strategy, commercial information, including, for example negotiations, contracts, vendor, supply, and other contracts and license agreements, personnel information (including, for example, compensation, evaluations, and other employment information) maintained as confidential for employee privacy reasons, trade secrets, non-public information including, but not limited to, marketing or sales information, ongoing research and development projects, or other information which is likely to cause harm to its competitive position if it becomes known to a party other than the disclosing party.

**7.    Designation Procedure.**  The designation of Discovery Material as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the following manner by the party or non-party seeking protection:

   **a.**    For documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for production or admissions, or other material (apart from depositions or other pre-trial testimony): by affixing the legend "Confidential" or "Highly Confidential—

3
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

Attorneys' Eyes Only" as appropriate, to any such Discovery Material containing any confidential information at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or non-party seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected under this Protective Order; and

   **b.** For depositions or other pre-trial testimony: a party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" by so indicating in said responses or on the record at the deposition, and by requesting the preparation of a separate transcript of such material. In addition, a party or non-party may designate in writing, within thirty (30) calendar days after receipt of said responses or of the deposition transcript for which the designation is proposed, the specific pages of the transcript and/or specific responses to be treated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

   **c.** Any other party may object to any designation made pursuant to the terms of this paragraph 7 in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 11 below. After any designation made pursuant to this paragraph 7, the Protected Material shall be treated as such until the matter is resolved according to the procedures described in paragraph 11 below. Counsel for all parties shall be responsible for marking all previously unmarked copies of the Protected Material in their custody, control, or possession with that designation.

  **8.** **Submissions to the Court.** The parties may request that the Court permit filing of any material designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only," under paragraph 7 above, under seal and that such Protected Material be made available only to the Court and to persons authorized by the terms of this Protective Order. The party filing any paper that contains, summarizes, or reflects any such Protected Material shall request that the material be filed under seal pursuant to the procedures set forth in Eastern District of California Local Rule 141. The request that the material be filed under seal shall be directed to the judge to whom the papers are directed. Any party or nonparty that produced the Confidential Information

4
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

1  that is conditionally lodged under seal may file a motion to permit the Confidential Information
2  to be filed under seal pursuant to Local Rule 141.  The party filing or otherwise providing
3  Confidential Information to the Court shall be obligated to lodge the document conditionally
4  under seal under Local Rule 141, but shall not be obligated to make a motion to permit the
5  Confidential information to be filed under seal pursuant to that rule. Pending the ruling on the
6  request that the material be filed under seal, the papers or portions thereof subject to the sealing
7  request shall be lodged under seal.

8      **9.     Access to Confidential Material.**   All Protected Material and information
9  derived from Protected Material shall be used by the parties solely in connection with the
10 Litigation and shall not be used or disclosed by the parties for any other purpose, including but
11 not limited to any other litigation, or any other business, competitive, or governmental purposes
12 or function.  Such Protected Material shall not be disclosed to anyone except as provided herein.
13 Discovery Material marked as "Confidential," including copies or extracts there from and
14 compilations and summaries thereof, may be disclosed, summarized, described, characterized, or
15 otherwise communicated or made available, in whole or in part, only to the following persons:

16     **a.**    The parties, including their respective directors and officers;

17     **b.**    The in-house and outside counsel of record for the parties and regular and
18 temporary employees or employee equivalents (e.g., vendors, paralegals, office clerks,
19 secretaries, and other support staff) of such counsel to whom it is necessary that the information
20 or material be shown for the purposes of the Litigation;

21     **c.**    Experts and consultants for the purpose of assisting any party in the
22 preparation of the case or for the purpose of providing testimony, whether by deposition, any
23 pre-trial proceeding, settlement proceedings, or arbitration.  Before receiving Protected Material,
24 any such expert or consultant shall agree and be subject to the terms of this Protective Order and
25 this Court's jurisdiction for enforceability purposes, and shall execute the acknowledgment
26 attached hereto as Exhibit A;

27 / / /
28 / / /

5
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

      **d.**      The Court and its personnel (including court reporters, transcribers, notary publics, stenographers, or videographers) to whom disclosure is reasonably necessary for this Litigation;

      **e.**      Copy services or graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, pre-trial proceedings, arbitration or settlement proceedings, provided such persons are notified of the terms of this Protective Order and have executed the acknowledgment attached hereto as Exhibit A.

      **f.**      Any authors or recipients of the Protected Material;

      **g.**      Any persons (and their counsel) who may testify at a deposition, pre-trial hearing, or arbitration of the Litigation, including any preparation for such testimony or any witness who may present evidence in this case; provided such persons are notified of the terms and provided with a copy of this Protective Order, have executed the acknowledgment attached hereto as Exhibit A, and are not permitted to retain copies of any Protected Material.  At the request of any party, any portion of a deposition transcript involving Protected Material shall be designated in accordance with paragraph 7 above.

      **h.**      Non-technical jury or trial consulting services retained by counsel for a party, provided such persons are notified of the terms and provided with a copy of this Protective Order and have executed the acknowledgment attached hereto as Exhibit A.

      **i.**      Any other person only upon order of the Court or upon prior written consent of the party or non-party producing the Protected Material.

Executed copies of Exhibit A shall be retained by counsel to the party disclosing the Protected Material and shall be made available for inspection by opposing counsel during the pendency or after the termination of the Litigation only upon order of the Court for good cause shown.

    **10.**    **Access To Confidential - Attorneys' Eyes Only Material.**  Discovery Material designated "Highly Confidential—Attorneys' Eyes Only" shall be available only to the categories of persons identified in paragraphs 8(b)–(i), above.

**11.     Challenging a Designation.**  If a party receiving Discovery Material that has been designated as Protected Material seeks removal of protection for particular items so designated on the ground that such protection is not warranted under controlling law, the following procedure shall be used:

   **a.**     The receiving party seeking such removal shall give counsel of record for the designating party, notice thereof, in writing by facsimile or email followed by a hard copy sent next business day courier, specifying the documents, things, or information for which such removal is sought and the reasons for the request.  The designating party shall have ten (10) business days after receiving that notification within which to object to the removal of protection afforded by this Protective Order.  Any such objection shall be made in writing (by facsimile or email followed by a hard copy sent next business day courier).  Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Protective Order.

   **b.**     If the parties (or parties and third parties in the event the producing party is a third party), cannot informally reach agreement concerning the matter, the designating party requesting protection for particular items may move for an appropriate ruling upon filing a formal motion from this Court within forty-five (45) calendar days of receiving notice under paragraph 7(a).  If no motion is made by the party requesting protection, the material shall continue to be treated in accordance with the original designation until the expiration of forty-five (45) calendar days from the date of the receiving party's written challenge to the designation.  If a motion is made by the designating party, the material will continue to be treated as protected until the Court rules.  The designating party shall have the burden of establishing that designation under applicable law.  If no motion is made, the Protected Material shall lose its confidential status.

   **c.**     For purposes of this Litigation or any other action, the failure to challenge a designation does not concede the Protected Material does in fact contain or reflect trade secrets or proprietary or confidential information.  Parties shall not be obligated to challenge the

STONEBARGER LAW
A Professional Corporation

7
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

propriety of the designation of Protected Material at the time made, and failure to do so shall not preclude a subsequent challenge.

**12.  Jurisdiction.**  All persons who have access to information or Discovery Material designated "Confidential" acknowledge they are bound by the items of the Protective Order and submit to the jurisdiction of this Court for purposes of interpreting and/or enforcing the Protective Order.  The Court shall retain jurisdiction to amend, modify, or enforce this Protective Order upon stipulation of the parties to this Litigation, motion by any party, or on its own motion.

**13.  No Prejudice.**  Entering into, agreeing to, and/or producing or receiving Protected Material, or otherwise complying with the terms of this Confidentiality Order, shall not:

**a.**  Operate as an admission by a party that any particular Discovery Material designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" contains or reflects trade secrets, proprietary or commercially sensitive information, information that implicates any individual's privacy interests, or any other type of confidential information;

**b.**  Operate as an admission by a party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular Discovery Material designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only";

**c.**  Prejudice in any way the right of a party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to the Protective Order;

**d.**  Prejudice in any way the rights of a party to seek a determination by the Court as to whether information or material is subject to the terms of the Protective Order;

**e.**  Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

**f.**  Prevent the parties from agreeing in writing or on the record during a deposition or hearing in the Litigation to alter or waive the provisions or protections provided for herein with respect to any particular information or material;

/ / /

**g.** Limit a party's ability to grant non-parties access to its own documents and/or information (provided such information is not derived from any Protected Material);

**h.** Limit any party from introducing Protected Material into evidence at any pre-trial proceeding, subject to paragraphs 5, 6, 16, and 17 and the designating party's (or designating third party's) right to seek further protection from the Court;

**i.** Be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection; and/or

**j.** Prevent a party or third party from objecting to discovery which it believes to be improper, including objections based upon the privileged, confidential, or proprietary nature of the Protected Material requested, or based on an argument the discovery sought is beyond the scope permitted under the Federal Rules of Civil Procedure.

**14. Use of Party's Own Confidential Information.** The Protective Order shall have no effect upon, and shall not apply to, a party's use or disclosure of its own Protected Material for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information, or Protected Material obtained lawfully by such party independently of any proceedings in the Litigation, or which already was known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action; and is or becomes publicly known through no fault or act of such party.

**15. Non-Parties' Confidentiality Rights.** If Protected Material in the custody, control, or possession of a party involves the privacy or confidentiality interests of a non-party, or its disclosure would violate a protective order issued in another action, the party with possession or control of such information shall attempt to obtain the non-party's consent to disclosure of the information under the terms of the Protective Order unless otherwise ordered by the Court. If the consent of the non-party cannot be obtained, the party will notify the other parties of:

/ / /

/ / /

9

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

      **a.**    the existence of the information without producing such information; and

      **b.**    the identity of the non-party (provided, however, that disclosure of the identity of the non-party would not violate any confidentiality obligations).

The party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

**16. Inadvertent Disclosure of Confidential Information.** The failure by a party or a non-party to designate Discovery Material as Protected Material shall not, by itself, be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon written notice to the party or parties receiving the Discovery Material of such failure to designate, or of incorrect designation, the receiving party or parties shall cooperate to retrieve disseminated copies, and restore the confidentiality of the inadvertently disclosed information beyond those persons authorized to review such information under paragraphs 9 and 10, and shall thereafter take reasonable steps to ensure that the Protected Material is treated in accordance with the designation. No person or party shall incur any liability hereunder with respect to disclosure that occurred prior to the receipt of written notice of the mistaken designation.

**17. Inadvertent Disclosure of Privileged Information.** If, in connection with the Litigation, a producing party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work product protection ("Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information will not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the producing party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter. If a claim of inadvertent disclosure is made by a producing party with respect to Inadvertently Disclosed Information, the receiving party will, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information and certify that all such Inadvertently Disclosed Information has been returned or destroyed.

**18. Modification of Protective Order.** It is the present intention of the parties that the provisions of the Protective Order shall govern discovery and other pre-trial proceedings in

the Litigation.  Nothing herein shall prevent disclosure beyond the terms of this Protective Order if counsel for the party that designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" any Discovery Material under the terms of paragraphs 3 and 4 above consents in writing or on the record to such disclosure.  Any consent so given shall not be deemed a waiver of any other designation.  Each of the parties hereto shall be entitled to seek modification of the Protective Order for good cause by application to the Court on notice to the other parties hereto.

**19.    Survival and Final Disposition of Protected Material.**  Final termination of the Litigation, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by the Protective Order.  Upon final termination of the litigation by final judgment (whether by settlement, trial, or otherwise), including the time for filing and resolution of all appeals, or within such other period as the parties may agree upon, and upon written request of the producing party, all Protected Material and copies thereof, including such material in the hands of outside experts or consultants, shall be delivered to counsel of record for the producing party of such material.  In the absence of any such written request, any Protected Material shall be destroyed within sixty (60) calendar days of final termination of the Litigation.  In the event of destruction, the producing party shall promptly be advised in writing that such Protected Material has been destroyed.  Any Protected Material filed or lodged with and retained by the Court shall not be subject to the provisions of this paragraph 19.  Notwithstanding the foregoing, counsel of record may retain copies of briefs and other papers filed with the Court, deposition transcripts, discovery responses (including documents produced  and attorney work product that contains or constitutes Protected Material, so long as such briefs and other papers are maintained in accordance with the provisions of the Protective Order).

**20.    Use of Protected Material in Court Proceedings.**  In the event that any Protected Material used in any court proceeding in the Litigation or any appeal there from, such material shall not lose its protected status through such use.  Counsel for the parties shall confer on such procedures may be necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

1 **21. Violation of this Protective Order.** In the event any person or entity violates or threatens to violate the terms of this Protective Order, the aggrieved party may apply for injunctive relief against any such person or entity. If Protected Material is disclosed in violation of this Protective Order, any party subject to this order who caused, permitted, or was otherwise responsible for the disclosure shall immediately inform the designating party of all pertinent facts relating to the disclosure, and shall make reasonable efforts to prevent any further disclosure, including any disclosure by any person or entity that received any Protected Material in violation of the Protective Order.

**22. Other Actions.** If any party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a party, or (c) served with any legal process by one not a party to this action seeking information or material which was produced or designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) calendar days of receipt of such subpoena, demand, or legal process, to those who produced and/or designated the Discovery Material as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" prior to compliance with the subpoena so as to allow the producing and/or designating parties to seek protection by the Court(s). Nothing herein shall be construed as requiring the party or anyone else covered by this Confidentiality Order to challenge or appeal any order requiring production of information or material covered by this Confidentiality Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

| | | |
|---|---|---|
| Dated: March 6, 2013 | | STONEBARGER LAW, APC |

By: /s/ Richard D. Lambert
    Gene J. Stonebarger
    gstonebarger@stonebargerlaw.com
    Richard D. Lambert
    rlambert@stonebargerlaw.com

    Attorneys for the Plaintiffs and the Class

Dated: March 6, 2013                CROUCH & RAMEY LLP

By: /s/ Bart Dalton
    Bart Dalton
    bdalton@crouchfirm.com

    Attorneys for Defendant Metals USA, Inc.

**FILER'S ATTESTATION**

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, Richard D. Lambert hereby attests that concurrence in the filing of this document has been obtained.*

# EXHIBIT A

## CONFIDENTIALITY ACKNOWLEDGEMENT

I, _____, state the following:

1. I have received a copy of the Protective Order entered in the cases captioned: *Wilson et al. v. Metals USA, Inc.*, et al., Case No. 2:12-CV-00568-LKK-GGH, in the United States District Court for the Eastern District of California (the "Litigation").

2. I have read and understand the Protective Order and agree to be bound by all of its terms.

3. I hereby submit to the jurisdiction of this Court, and to the application of California law for the purpose of enforcement of the terms of the Protective Order and of my agreement herein.

4. I shall not use or disclose to others, except in accordance with the terms of the Protective Order, any Protected Materials.

5. Upon termination of the Litigation, I will promptly destroy or return all original and any copies of Protected Material that came into my possession to the person to supplied me with such material. I also will destroy any notes and/or documents that contain references to Protected Material, unless it is practicable to permanently delete any and all such references.

6. If I fail to comply with the terms of the Protective Order or my agreement herein, I understand that I may be subject to contempt of court and/or civil damages.

Dated: _____

_____
Signature

_____
Printed name

15
**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

**ORDER**

Having considered the parties' Stipulated Protective Order as outlined above, and for good cause shown, the Court **GRANTS** the Stipulated Protective Order and hereby **ADOPTS** the Stipulated Protective Order as the order of this Court.

**IT IS SO ORDERED**.

March 6, 2013                              /s/ Gregory G. Hollows

DATED                                      THE HONORABLE GREGORY G. HOLLOWS
                                           UNITED STATES MAGISTRATE JUDGE